IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01487-BNB

CHRISTOPHER RAY DENNISON,

    Petitioner,

v.

DAVID A. BERKABILE, Warden,

    Defendant/Respondent.

## ORDER DISMISSING CASE

    Plaintiff, Christopher Ray Dennison, is in the custody of the federal Bureau of Prisons at the ADX in Florence, Colorado.  Mr. Dennison initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.

    In an order entered on June 11, 2013, Magistrate Judge Boyd N. Boland reviewed the Application and determined that Mr. Dennison is asserting civil rights claims rather than habeas corpus claims. [Doc. # 4].  Mr. Dennison complains in the Application that prison medical staff have failed to provide him adequate medical care for "a progressively louder, constant ringing in [his] right ear, a loss of hearing, a diminished sense of balance," and other symptoms. [Doc. # 1, at 2].  For relief, he requests that the Defendant/Respondent be ordered to provide him prompt and adequate medical care. [*Id.* at 5].

    "The essence of habeas corpus is an attack by a person in custody upon the

legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). It is well established in the Tenth Circuit that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

In the June 11 Order, Magistrate Judge Boland directed Mr. Dennison to file, within thirty (30) days, a Prisoner Complaint asserting his civil rights claims and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved forms. Plaintiff was thereafter granted an extension of time to August 12, 2013 to comply with the June 11 Order. [*See* Doc. # 7].

On July 15, 2013, Mr. Dennison filed a Letter with the Court [Doc. # 9] explaining that the ADX medical department has advised him that he will be provided with additional testing, including an MRI, to determine the cause of the symptoms in his right ear. [*Id.*]. Plaintiff requests that this case be stayed, or dismissed without prejudice, to give the medical department an opportunity to treat his condition. [*Id.*].

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." No answer or motion for summary judgment has been filed by Defendant/Respondent in this action. Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice

of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The motion, therefore, closes the file as of July 15, 2013. *See Hyde Constr. Co.*, 388 F.2d at 507.  Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1).  It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of July 15, 2013, the date Mr. Dennison filed the Letter requesting dismissal of this action without prejudice.

DATED at Denver, Colorado, this  18th  day of    July           , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court